# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexis Rodriguez, | No. 4: 14-CV-2139-TUC-JAS |
| Petitioner, | **ORDER** |
| v. | |
| John T. Shartle, Warden, | |
| Respondent. | |

Pending before the Court is a Report and Recommendation ("Report") issued by Magistrate Judge Jacqueline M. Rateau (Doc. 18). In that Report, Judge Rateau recommends denying and dismissing Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). The Petitioner filed an Objection to Report and Recommendation (Doc. 19) and Respondent filed a Response (Doc. 20). The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After an independent de novo review of the record, the Court adopts the Report. Petitioner's hearing in Bureau of Prisons (BOP) custody satisfied all requirements of due process, and the positive test for marijuana provided "some evidence" that Petitioner violated Code 112, subjecting himself to BOP discipline. Additionally, BOP properly had jurisdiction over Petitioner because his custody by New York state officials was pursuant to a writ of limited scope and duration.[1] Finally, Petitioner has not established

---

[1] In his Objection to Judge Rateau's Report and Recommendation, Petitioner argues that his case is distinguishable from *Capozzi v. Warden USP-Lewisburg*, 610

that BOP proceedings are subject to the personal jurisdiction and venue statutes that limit federal courts' jurisdiction; in fact, Congress gave BOP the broad mandate to provide discipline to all people charged or convicted with offenses against the United States. 18 U.S.C. § 4042(a)(3).

For these reasons, this Court ACCEPTS and ADOPTS the Report issued by Magistrate Judge Rateau. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED. The Clerk is directed to close this case.

Dated this 8th day June, 2015.

Honorable James A. Soto
United States District Judge

---

Fed.Appx. 105 (3rd Cir. 2015), because in that case, the prisoner was in state custody under a writ of habeas corpus ad testificandum, while in this case, petitioner was in state custody pursuant to a writ of habeas corpus ad prosequendum. Although Petitioner has correctly stated the facts, the distinction does not change the outcome of analysis conducted by Magistrate Judge Rateau, because both writs are limited in time and scope, which is the crucial determinant of whether BOP guidelines apply.

- 2 -